UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10861-GAO

AMERICUS MORTGAGE CORPORATION f/k/a ALLIED HOME MORTGAGE CAPITAL CORPORATION,
Plaintiff,

v.

THE ESTATE OF PETER BELLI, Judgment Debtor, and IRENE MARK, Reach and Apply Defendant,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
September 30, 2014

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the defendants' motion for summary judgment be denied. The defendants filed substantially the same motion for summary judgment in the companion case, <u>Allied Home Mortgage Capital Corp. v. Belli</u>, 12-cv-10158-GAO. There, the magistrate judge also recommended that the defendants' motion for summary judgment be denied, and I adopted her Report & Recommendation ("R&R").

After carefully reviewing the pleadings, the parties' submissions, and the R&R, I agree with the magistrate judge's analysis and conclusions.[1] Accordingly, I approve and ADOPT the magistrate judge's recommendation in its entirety. The defendants' Motion (dkt. no. 81) for Summary Judgment is DENIED.

It is SO ORDERED.

/s/ George a. O'Toole, Jr.
United States District Judge

---

[1] Neither party has filed an objection to the R&R.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICUS MORTGAGE CORPORATION
f/k/a ALLIED HOME MORTGAGE
CAPITAL CORPORATION,
    Plaintiff,

v.

THE ESTATE OF PETER BELLI,
Judgment Debtor,

and

IRENE MARK,
    Reach and Apply
    Defendant.

CIVIL ACTION NO.
12-10861-GAO

**REPORT AND RECOMMENDATION RE:**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**(DOCKET ENTRY # 58)**

July 11, 2014

**BOWLER, U.S.M.J.**

Pending before this court is the above styled summary judgment motion filed by Irene Mark, as the Personal Representative of the Estate of Peter Belli, and reach and apply defendant Irene Mark. (Docket Entry # 58). Irene Mark, as the Personal Representative of the Estate of Peter Belli, however, is not a party in this action. Accordingly, the motion is brought only by reach and apply defendant Irene Mark. Plaintiff Americus Mortgage Corporation f/k/a Allied Home Mortgage Capital Corporation ("Americus") opposes the motion. With briefing complete, the motion is ripe for review.

PROCEDURAL BACKGROUND

On May 14, 2012, Americus initiated this action by filing a complaint denoted as an "Action on Judgment." (Docket Entry # 1). Absent amendment, this complaint remains the governing complaint. It names as parties the Estate of Peter Belli as judgment debtor and Irene Mark as reach and apply defendant.[1] A related action which is consolidated with this action names Irene Mark, as the Personal Representative of the Estate of Peter Belli, as the judgment debtor.[2]

The complaint in this action seeks to collect a final judgment issued by the court in Allied Home Mortgage Capital Corp. v. Peter Belli and Regency Serv. Comp., Inc., Civil Action No. 07-11597-NG ("the Allied court" or "Allied case"), on March 8, 2011. (Docket Entry # 1). The final judgment resulted from a default judgment as a sanction and a subsequent determination of damages by the Allied court. The final judgment awarded Allied

---

[1] "The estate of a deceased party is not a proper party under Rule 25. A proper party under Rule 25 must be a legal representative of the deceased." Natale v. Country Ford Ltd., 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (internal ellipses omitted).

[2] On June 17, 2013, this court allowed a motion to consolidate filed in the related action, Americus Mortgage Corporation f/k/a Allied Home Mortgage Capital Corporation v. Irene Mark, as Personal Representative of the Estate of Peter Belli, and Diamond Funding Corporation, Trustee Process Defendant, Civil Action No. 12-10158-GAO ("AHMCC case"). In the course of discussing a motion to substitute, this court explained that there was no consolidated amended complaint and, accordingly, the two separate complaints in each action "are retained in the consolidated action." (Docket Entry # 36, p. 34) (Docket Entry # 99, p. 34, AHMCC case). Docket entries in the AHMCC case are denoted as such whereas docket entries in this case are set out without a case name.

Home Mortgage Capital Corporation ("AHMCC"), which subsequently changed its name to Americus (Docket Entry # 58, AHMCC case), in excess of $2,000,000. (Docket Entry # 324, Allied case). The First Circuit affirmed the judgment on appeal. Americus' attempt to collect the judgment have not been successful.

Count One in this action, captioned "Enforcement of Judgment," seeks to enforce the judgment against The Estate of Peter Belli. (Docket Entry # 1). Counts two and three respectively set out common law and statutory reach and apply claims against reach and apply defendant Irene Mark.[3] Count Four sets outs a claim under the Uniform Fraudulent Transfer Act ("UFTA"), Massachusetts General laws chapter 109A, sections one through 12.

Prior to filing this action, Allied filed the AHMCC case on January 30, 2012. Although brought against trustee process defendant Diamond Funding Corporation ("Diamond Funding") as opposed to reach and apply defendant Irene Mark, the AHMCC case seeks to collect the same, aforementioned final judgment issued by the Allied court. Except for the different defendants, the

---

[3] The complaint cites Massachusetts General Laws chapter 213, section three, for the statutory reach and apply claim in Count Three. This statute sets out rules for the Massachusetts Superior Court. Accordingly, this court construes the count as brought under Massachusetts General Laws chapter 214, section three. See Hunter v. Youthstream Media Networks, Inc., 241 F.Supp.2d 52, 57 (D.Mass. 2002) ("Massachusetts General Laws chapter 214, § 3(6) is the reach and apply statute in the Commonwealth").

3

two actions are strikingly similar. The AHMCC case contains the same four causes of action as this case. (Docket Entry # 104-1, AHMCC case).

On the same day that reach and apply defendant Irene Mark filed the summary judgment motion in this case, defendant Irene Mark, as Personal Representative of the Estate of Peter Belli, and trustee process defendant Diamond Funding filed an almost identical motion for summary judgment in the AHMCC case. (Docket Entry # 138, AHMCC case). Noting that the summary judgment motion in this case "is identical to the Motion made by Defendants in the [AHMCC case]," Americus incorporates by reference all of its filings in opposition to that motion as "its Opposition to the instant Motion." (Docket Entry # 69). The arguments and the documentary evidence with respect to both motions are the same in all relevant respects.[4] For reasons stated and explained in the Report and Recommendation recommending the denial of the summary judgment motion in the AHMCC case, summary judgment in this case is not appropriate.

On January 28, 2014, this court issued a Report and Recommendation on two motions to dismiss filed in this case. (Docket Entry # 74). The opinion allowed further briefing

---

[4] A few differences exist but they are not material to the disposition of the motion and the reasoning employed. For example, this case includes Belli's certificate of death which is not part of the summary judgment record in the AHMCC case.

4

"limited solely to the application of the probate exception to diversity jurisdiction as it applies to this case." (Docket Entry # 74). The parties each filed a supplemental brief addressing the probate exception to diversity jurisdiction. (Docket Entry ## 75 & 76). The summary judgment motions also raise the probate exception to diversity jurisdiction as a basis to allow the motions. (Docket Entry # 59) (Docket Entry # 139, AHMCC case). Because the Report and Recommendation in the AHMCC case did not address the jurisdictional issue, it is ripe for review.

## BACKGROUND

Familiarity with the record is presumed. Prior to a final transfer of the Diamond Funding stock to Irene Mark ("Mark") in October 2008, Belli made "a capital contribution" by transferring furniture and equipment "that he owned" to Mark for use by Diamond Funding that had a dollar value of either $400,000 or $500,000.[5] (Docket Entry # 149-1, pp. 125-126, AHMCC case) (Docket Entry # 140-9, pp. 166, 168, 182-183, AHMCC case). The furniture and equipment included cubicles, a copier, a telephone system, "conference room desks, file cabinets" and shredders but did not include "computer systems." (Docket Entry # 140-9, pp. 166-169, AHMCC case). As explained in the Report and

---

[5] The record also provides sufficient evidence that Belli made a direct transfer of the furniture and equipment to Diamond Funding.

5

Recommendation in the AHMCC case, a reasonable factfinder could conclude that Belli made a capital contribution of furniture and equipment that he owned and transferred that furniture and equipment to Mark for use by Diamond Funding.

The summary judgment record fails to include the exact date of the transfer. A reasonable factfinder could easily find that the transfer took place before the October 2008 transfer of stock and ownership of the company from Ava Martinelli to Mark. As explained in the Report and Recommendation in the AHMCC case, a factfinder could also conclude that Belli made a transfer of $6,150 in April 2008 of his funds to Mark to use as a downpayment for the purchase of Diamond Funding and retained a beneficial interest in Diamond Funding. These transfers as well as the value of Belli's services are the subject of the reach and apply claims and the UFTA claim.

Belli died on February 20, 2012. Mark is the Personal Representative of the Estate of Peter Belli in the Probate and Family Court Department (Worcester Division) ("the probate court"). On March 20, 2013, AHMCC or Americus filed a notice of claim in the probate court.[6] (Docket Entry # 75-1).

---

[6] The notice of claim does not identify the filing party. (Docket Entry # 75-1). It does state that the Estate of Peter Belli is indebted "to the undersigned . . . for monies owed under" the final judgment in the Allied court. (Docket Entry # 75-1). The record thus reasonably infers that either Americus or AHMCC filed the notice.

In allowing further briefing, this court encouraged the parties to submit "evidentiary submissions indicative of what property is presently in the custody of the probate court." (Docket Entry # 74). The supplemental brief filed by reach and apply defendant Mark states that, "No detailed inventory or accounting has been filed in the Probate Court to date." (Docket Entry # 74).

## DISCUSSION

Reach and apply defendant Mark asserts that the furniture and equipment Belli transferred to Mark is an asset of the Estate of Peter Belli. Americus submits that Belli transferred the furniture and equipment to Mark in 2008 and that the property remains in her possession or the possession of Diamond Funding. In the event of a favorable decision on the reach and apply or UFTA claims, Americus maintains that these assets as well as any beneficial interest in Diamond Funding from a resulting or constructive trust would become part of the Estate of Belli and thereby increase the value of the estate.

By statute, the probate court has "exclusive original jurisdiction of actions for divorce or for affirming or annulling marriage" as well as "all actions concerning the execution and validity of health care proxies created under chapter 201D and caregiver authorization affidavits created under chapter 201F or disputes arising thereunder." Mass. Gen. L. ch. 215, § 3.

7

Otherwise, it has "original and *concurrent* jurisdiction with the supreme judicial court and the superior court department of all cases . . . involving in any way the estate of a deceased person . . . .." Mass. Gen. L. ch. 215, § 6 ("section six") (emphasis added). Section 6(v) affords the probate court concurrent jurisdiction over "trusts created by parol or constructive or resulting trusts." Mass. Gen. L. ch. 215, § 6(v).

The jurisdiction of this court is premised on diversity of citizenship.[7] "[F]ederal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, 'so long as the federal court does not *interfere* with the probate proceedings.'" Marshall v. Marshall, 547 U.S. 293, 311 (2006) (emphasis added). As explained by the Supreme Court in Marshall, the probate exception to diversity jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to *dispose of property that is in the custody of a state probate court*." Id. at 311-312 (emphasis added). In accordance with the exception, "'a federal court may not probate a will, administer an estate, or entertain an action that would interfere with pending probate proceedings in a state court or

---

[7] Americus is a Texas corporation with a principal place of business in Houston.

8

with a state court's control of property in its custody.'" Mangieri v. Mangieri, 226 F.3d 1, 2 (1st Cir. 2000). The exception does not, however, "bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. at 312.

"'Where exercise of federal jurisdiction will result in a judgment that does not dispose of property in the custody of a state probate court, even though the judgment may be intertwined with and binding on those state proceedings, the federal courts retain their jurisdiction.'" Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 24 (1st Cir. 2010) (internal brackets omitted). Although a federal court sitting in diversity cannot exercise jurisdiction over property that is in the custody of the probate court, it can exercise jurisdiction of assets that in the future might become subject to the custody of the probate court and that increase the assets in the estate. See id.

This action is not seeking to take custody of assets already in the custody of the probate court. Presumably, Mark would have identified that property in the supplemental brief. Instead, she simply states that there is no detailed inventory or accounting in the probate court. The decision in Jiménez is therefore directly applicable to the case at bar. In finding that a widow's claim to her deceased husband's option to purchase a penthouse did not fall within the probate exception to diversity

jurisdiction, the court distinguished between assets that are already part of the estate and assets that are not currently within the estate:

> The only property at issue in this case is the proceeds from the sale of the Isabela Beach Court units and the penthouse apartment on which Molina-Godinez allegedly held an option to purchase. Because neither the money nor the apartment are yet part of the decedent's estate, neither are yet in the custody of a Puerto Rico probate court. Indeed, the very relief sought here is enlargement of the decedent's estate through assets not currently within it. *While divvying up an estate falls squarely within the probate exception, merely increasing it does not.*

Id. (emphasis added).

There is little indication that either the furniture and equipment or the $6,150 transfer to Mark or Diamond Funding are yet part of the Estate of Peter Belli. Moreover, in the event of a decision in favor of Americus, a resulting or constructive trust over these assets and any beneficial interest Belli has in Diamond Funding would increase the estate. Accordingly, the probate exception to diversity jurisdiction does not apply.

### CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[8] that the motion for summary judgment (Docket Entry #

---

[8] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. See Fed. R. Civ. P. Rule 72(b). Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.

58) be **DENIED**.

                                    <u>/s/ Marianne B. Bowler</u>
                                    **MARIANNE B. BOWLER**
                                    United States Magistrate Judge